IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: __1:20-cv-22249_____

GARY GOLDBLOOM, and
SOUTHERN SKYWAY PROPERTY, INC.,

    Plaintiffs,

v.

SENECA INSURANCE COMPANY,

    Defendant.
_____/

## **COMPLAINT**

Plaintiffs Gary Goldbloom and Southern Skyway Property, Inc. sue Defendant Seneca Insurance Company, and allege as follows:

### **The Parties**

1.    Plaintiff Gary Goldbloom ("Goldbloom") is citizen of the State of Florida, because he resides in Miami-Dade County, Florida.

2.    Plaintiff Southern Skyway Property, Inc. ("Southern Skyway") is a citizen of the State of Florida, because it is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

3.    Goldbloom is Southern Skyway's principal and owner. They are hereinafter sometimes referred to collectively as the "Plaintiffs."

4. Defendant Seneca Insurance Company, Inc. ("Seneca") is a citizen of the State of New York, because it is a New York corporation with its principal place of business in New York, New York.

## Jurisdiction and Venue

5. The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different States and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. The Court has personal jurisdiction over Defendant pursuant to Section 624.422, Florida Statutes, because Defendant designated the Chief Financial Officer of the State of Florida as its exclusive process agent to receive service of all legal process issued against it in any civil action or proceeding in Florida, and process so served shall be valid and binding upon Defendant.

7. The Court also has personal jurisdiction over Defendant pursuant to Florida's Long Arm Statute, Section 48.193, Florida Statutes, because the causes of action alleged herein arise from Defendant's activities in: (a) operating, conducting, engaging in, or carrying on a business or business venture in the State of Florida; and (b) contracting to insure a person, property, or risk located within the State of Florida at the time of contracting.  Additionally, Defendant has the requisite minimum contacts with the State of Florida so as not to offend traditional notions of fair play and substantial justice.

8. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**Common Allegations**

*The Brickell Bay Litigation*

9. This case initially arises from a dispute involving the development of certain property and submerged lands located on the coast of Biscayne Bay in Miami, Florida. Specifically, on April 15, 2013, a company known as Brickell Bay Entertainment Company ("Brickell Bay") and multiple other plaintiffs brought an action against Goldbloom, Southern Skyway and multiple other defendants in a case styled *Brickell Bay Entertainment Co. et al. v. Southern Skyway Property, Inc., et al.*, Case No. 13-13200 CA 40 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (hereinafter referred to as the "Brickell Bay Litigation").

10. In the initial 19-count complaint filed in the Brickell Bay Litigation, the plaintiffs therein alleged, among other things, that the defendants in that case purportedly conspired to interfere with their contractual and property rights to develop the marina and other properties they owned as part of what was to be known as the Phase V Project.

11. By way of background, Southern Skyway is the successor to all developer rights of the Four Ambassadors project, a condominium property which contains five towers, 748 condominium units and common elements and common properties, including a seaway and pedestrian walkways and marina facilities. Some years ago, Southern Skyway acquired the marina and a leasehold interest from the State of Florida in submerged lands adjacent to the Four Ambassadors project, and thereafter entered into a purchase and sale agreement with Brickell Bay for the sale of the marina and rentable boat slips.

12. The plaintiffs in the Brickell Bay Litigation alleged that Southern Skyway and Goldbloom, together with other defendants therein, purportedly concealed material facts related to

that sale.  The plaintiffs also alleged multiple additional counts against various of the defendants in the Brickell Bay Litigation as well including, but not limited to, counts for breach of fiduciary duty, gross negligence, tortious interference with contractual rights, accounting, and wrongful eviction.

13.    The defendants in the Brickell Bay Litigation also included The Four Ambassadors Master Association, Inc. ("Master Association") and The Four Ambassadors Association Inc. (the "Association") (collectively: the "Associations").

*Seneca Provides a Defense to Southern Skyway*
*and Goldbloom in the Brickell Bay Litigation*

14.    Seneca provided a defense for Southern Skyway and Goldbloom in the Brickell Bay Litigation, as its Insureds, pursuant to a commercial liability coverage insurance policy bearing Policy No. SCC 2042394 (Prior Policy No. SCC 2027289) (hereinafter referred to as the "Policy"), a copy of which is attached hereto as **Exhibit A**.

15.    Seneca provided the defense to Southern Skyway and Goldbloom by appointing counsel to defend them.

16.    Seneca undertook providing this defense pursuant to a "Reservation of Rights" letter dated June 14, 2013.  A true and correct copy of the June 14, 2013 Letter is attached hereto as **Exhibit B.**

17.    As of the date of Seneca's June 14, 2013 Reservation of Rights letter, the operative complaint in the Brickell Bay Litigation was plaintiffs' initial April 15, 2013 complaint.

18.    As the Brickell Bay Litigation advanced, the plaintiffs amended the complaint therein numerous times, such that ultimately the operative pleading therein was the plaintiffs' November 13, 2014 Fourth Amended Complaint.

19. Seneca failed to issue new "Reservation of Rights" letters to Goldbloom and Southern Skyway as to any subsequent iteration of the complaint in the Brickell Bay Litigation.

*Seneca Provides Defenses to Southern Skyway and Goldbloom, and, Separately, to the Associations, in Two Separate Lawsuits Brought by Vice City Marina, But Does Not Provide Notice of a Reservation of Rights as to Either Case*

20. On February 5, 2016, an entity known as Vice City Marina LLC ("Vice City Marina") filed a lawsuit against the Associations and their president, Robert Alwine ("Alwine"), which was docketed as *Vice City Marina LLC v. The Four Ambassadors Master Association, Inc., et al.*, Case No. 2016-002954 CA 01 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (hereinafter referred to as the "Vice City Marina v. Associations Case").

21. On the same day, Vice City Marina separately brought a two count complaint for breach of oral contract and promissory estoppel against Goldbloom, Southern Skyway, and the Associations, in a case styled *Vice City Marina LLC v. Gary Goldbloom, et al.*, Case No. 2016-002954 CA 01 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (hereinafter referred to as the "Vice City Marina Case").

22. The crux of the complaint in the Vice City Marina Case was that Goldbloom and Southern Skyway purportedly entered into an oral contract with Vice City to resolve certain claims raised by the plaintiffs (of whom Vice City was not one of) in the Brickell Bay Litigation, and breached the oral contract by refusing to honor or otherwise perform under it.

23. The Vice City Marina Case involved a different plaintiff than the plaintiffs bringing claims in the Brickell Bay Litigation, and the causes of action in the Vice City Marina Case were entirely different than those alleged in the Brickell Bay Litigation.

24. Seneca again provided a defense, through same insurance appointed counsel, under the Policy to its Insureds, Goldbloom and Southern Skyway, as well as to the Associations as Additional Insureds under the Policy in the Vice City Marina Case.

25. Seneca, however, **did not** provide any notice to Goldbloom, Southern Skyway, or the Associations that it was providing a defense to them in the Vice City Marina Case under a reservation of rights to deny coverage for any losses that they may incur in that action.

*The Vice City Marina Case Litigation*

26. For the next four years, insurance appointed counsel defended Goldbloom, Southern Skyway, and the Associations, under the Policy, in the Vice City Marina Case.

27. Ultimately the case proceeded to a bench trial – held on February 8, 2018 – on the issue of whether Goldbloom and Southern Skyway on the one side, and Vice City on the other, had entered into an enforceable oral agreement, the alleged terms of which included, among other things, the transfer of interests in real property.

28. On March 15, 2018, the court entered final judgment on behalf of Vice City against Goldbloom, Southern Skyway and the Associations.

29. Insurance appointed counsel subsequently moved to withdraw from representing Goldbloom and Southern Skyway (counsel had previously moved to withdraw from representing the Associations), and Seneca then appointed the firm of Chepenik Trushin LLP to defend Goldbloom and Southern Skyway in the Vice City Marina Case.

30. Chepenik Trushin promptly moved, on behalf of Goldbloom and Southern Skyway, for rehearing. In their May 15, 2018 memorandum of law in support of the motion for rehearing, they argued, *inter alia*, that the alleged oral contract was not enforceable because it violated

Florida's statute of frauds, § 725.01, Fla. Stats., in that it involved transfers of interests in real property.

31. The court heard argument on the motion for rehearing on May 17, 2018.

32. The court denied the motion because it found that the statute of frauds defense, as well as the other defenses and issues raised in the Motion for Rehearing had been waived by prior counsel's failure to raise them at trial.

33. Goldbloom and Southern Skyway appealed, but the appellate court affirmed the trial court's ruling.

34. As part of the Final Judgment in the Vice City Marina Case, the trial court reserved jurisdiction to determine entitlement to and amount of attorneys' fees and costs to be awarded to the prevailing party in that action. On November 29, 2018, the trial court granted entitlement to the plaintiff on its motion for attorneys' fees. A hearing to determine the amount of attorneys' fees to be awarded to the plaintiff has not yet occurred.

35. The appellate court also granted Vice City's motion for appellate attorneys' fees incurred in the appeal to be fixed by the trial court. So far, the hearing to determine the amount of appellate attorneys' fees has also not yet occurred.

*Seneca Sends a Confusing Letter Purporting to Deny Coverage in the Vice City Marina v. Associations Case (to which neither Goldbloom nor Southern Skyway is a Party)*

36. On February 27, 2020, just days after the issuance of the Mandate in the appeal in the Vice City Marina Case, Seneca forwarded a letter to Goldbloom and Southern Skyway. A true and correct copy of the February 27, 2020 Letter is attached as **Exhibit C**.

37. The subject line of the letter referenced "*Vice City Marina, LLC v. Four Ambassadors Master Association, Inc., et al.*" (*i.e.,* the Vice City Marina v. Associations Case).

38. However, despite the fact that neither Goldbloom nor Southern Skyway were involved in the Vice City Marina v. Associations Case, the letter stated:

> As you know, Seneca has been providing the Insureds with a defense in the above-referenced lawsuit under a reservation of rights that it has no obligation to indemnify the Insureds in connection with the claims asserted against them.

39. That assertion made no sense because, again, neither Goldbloom nor Southern Skyway were parties to the Vice City Marina v. Associations Case; and the only case in which Seneca provided a Goldbloom and Southern Skyway with a defense under a reservation of rights was the Brickell Bay Litigation.

40. The letter continued:

> As you know, a final judgment has been entered in the above lawsuit against the Insureds, and the only remaining issue is the amount of attorney's fees that the Plaintiff is entitled to.

41. That assertion also made no sense, as the final judgment was entered in the Vice City Marina Case, which is not referenced anywhere in the February 27, 2020 Letter. No adverse judgment was entered in the Vice City Marina v. Associations Case (*i.e.* the case identified in the February 27, 2020 Letter as the "above lawsuit"), as neither Goldbloom nor Southern Skyway were parties to that case.

42. The letter went on to state:

> As explained in our previous letters, Seneca has no obligation to indemnify the Insureds in connection with the damages sought in the underlying lawsuit . . . ."

43. That assertion likewise made no sense, as Seneca had only provided Goldbloom and Southern Skyway with a single prior letter regarding coverage issues, which was the June 14, 2013 Letter, which dealt exclusively with the Brickell Bay Litigation.

8

44. The letter concluded by stating that Seneca would not cover any attorneys' fees taxed against Goldbloom and Skyway, and that it was withdrawing its defense of the Insureds within 15 days of the letter.

*Seneca Denies Coverage and Withdraws its Defense of*
*Goldbloom and Southern Skyway in the Vice City Marina Case*

45. Despite never sending Goldbloom nor Southern Skyway a reservation of rights letter as to the Vice City Marina Case, Seneca has denied coverage and withdrawn its defense of Goldbloom and Skyway in that case *ex post facto*.

46. Goldbloom and Southern Skyway thereafter requested that Seneca reconsider its position, but Seneca has refused to do so.

*Seneca is Estopped From Denying Coverage and Refusing to Continue*
*Defending Goldbloom and Southern Skyway in the Vice City Marina Case*

47. Under the circumstances of this case, Seneca cannot as a matter of law assert a contrary position claiming that it has no duty to indemnify Goldbloom and Southern Skyway over four (4) years after the Vice City Marina Case was filed and after the Goldbloom and Southern Skyway have already lost that case.

48. Seneca waived its rights and is estopped from denying coverage, because Goldbloom and Southern Skyway relied to their detriment on Seneca's assumption of their defense in the Vice City Marina Case without any reservation of rights. *See, e.g., Doe for Doe v. Allstate Ins. Co.*, 653 So. 2d 371, 374 (Fla. 1995) (holding that when an insurer erroneously undertakes the defense of a claim and the insured relies upon the insurer to the insured's detriment, then the insurer should not be able to deny coverage).

49. Seneca's failure to reserve its rights to challenge coverage has prejudiced Goldbloom and Southern Skyway and continues to prejudice them. They have been prejudiced by, among other

reasons, Seneca's failure to place them on notice of a lack of coverage and of their right to select their own counsel.

50. By way of example, the right to select defense counsel was especially important because there was a conflict between all of the defendants and the initial insurance appointed counsel ultimately waived Goldbloom's and Southern Skyway's statute of frauds defense, which would have been case dispositive, as well as other meritorious defenses and issues. Had Goldbloom and Southern Skyway been free to select their own defense counsel, that would not have occurred.

51. Moreover, the failure of Seneca to assert to Goldbloom and Southern Skyway that it was defending them under a reservation of rights in the Vice City Marina Case prejudiced them severely because they were unable to appreciate the risk to them, as they had no idea that Seneca could, or would, refuse to indemnify as to any damages or fee award, or that it could or would withdraw its defense of them at any point in time during the pendency of the case.

52. The above cited failures of both Seneca and its insurance appointed counsel prevented Goldbloom and Southern Skyway from managing their risk and even caused them to lose the case. As a result of these failings, Goldbloom and Southern Skyway have been severely prejudiced by now being exposed to a potential judgment for attorneys' fees and costs in excess of half a million dollars in the Vice City Marina Case. They have also been damaged by now having to pay all expenses in continuing to defend themselves in the Vice City Marina Case (including attorneys' fees and costs), which Seneca should be paying.

53. Goldbloom and Southern Skyway have retained the law firm of Buchanan Ingersoll & Rooney PC to bring this action and are obligated to pay that firm a reasonable fee for services rendered.

54. All conditions precedent to bringing this action have been satisfied or waived.

## COUNT I
## DECLARATORY JUDGMENT (28 U.S.C. § 2201)
## (Declaration that Defendant is Estopped to Deny Indemnification for Losses)

55. Goldbloom and Southern Skyway (collectively: "Plaintiffs") repeat and reallege each and every allegation contained in paragraphs 1 through 54 above as if fully set forth herein.

56. This is an action brought pursuant to 28 U.S.C. § 2201 for declaratory relief.

57. Seneca has raised doubt as to the Plaintiffs rights to be provided a defense and to be indemnified for losses that Plaintiffs have incurred and will continue to incur when the trial court in the Vice City Marina Case determines the amount of attorneys' fees and costs to be awarded to Vice City in that case and to be paid Plaintiffs. Plaintiffs are entitled to have such doubt removed and to have their rights declared.

58. Specifically, Plaintiffs request that this Court declare that Seneca has waived any defense to deny coverage under the Policy and is estopped to deny Plaintiffs, as Insureds, indemnification for losses they have and will suffer in the Vice City Marina Case for, among other things payment of attorneys' fees and costs, because Seneca failed to put Plaintiffs on notice that Seneca would claim they were being defended under a reservation of rights and because Plaintiffs have been severely prejudiced by relying to their detriment upon the defense provided by Seneca in that action.

59. There is a present and ascertainable state of facts of a present case or controversy between the parties within the jurisdiction of this Court that justifies the declaratory relief sought by Plaintiffs.

60. There is a bona fide, actual, present, and practical need for this declaration.

61. Seneca has an actual, present, adverse and antagonistic interest in the subject matter of the declaratory relief sought by Plaintiffs, and all antagonistic and adverse interests are before this Court by proper process.

62. The declaration sought is not merely the giving of legal advice to answer questions propounded from curiosity.

63. Should they prevail on their declaratory judgment claim, Plaintiffs will be entitled to an award of prevailing party attorneys' fees to be paid by Seneca pursuant to Section 627.428, Florida Statutes.

**WHEREFORE**, Plaintiffs Gary Goldbloom and Southern Skyway Property, Inc. respectfully request that this Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57, Fed.R.Civ.P., against Defendant Seneca Insurance Company declaring that Defendant is estopped to deny Plaintiffs indemnification for losses they have suffered and will continue to suffer in the Vice City Marina Case because Seneca failed to put Plaintiffs on notice that Seneca would claim they were being defended under a reservation of rights and because Plaintiffs have been severely prejudiced by relying to their detriment upon the defense provided in that action by Seneca, and further request costs, attorneys' fees pursuant to Section 627.428, Florida Statutes, and such further relief deemed just and proper under the circumstances.

### COUNT II
### DECLARATORY JUDGMENT (28 U.S.C. § 2202)
### (Further Relief Compelling Defendant to Resume Defense of Its Insureds)

64. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 54 above as if fully set forth herein.

65. This is an action brought pursuant to 28 U.S.C. § 2202 for further relief based upon a requested declaratory judgment.

66. Seneca has raised doubt as to Plaintiffs' rights to be provided a defense and to be indemnified for losses that Plaintiffs have incurred and will continue to incur when the trial court in the Vice City Marina Case determines the amount of attorneys' fees and costs to be awarded to Vice City in that case and to be paid by Goldbloom and Southern Skyway. The Plaintiffs are entitled to have such doubt removed and to have their rights declared, and have requested, under *Doe for Doe v. Allstate Ins. Co., 653 So. 2d 371, 374 (Fla. 1995)*, that this Court declare that Seneca is estopped to deny Plaintiffs indemnification for their losses, because Seneca failed to put Goldbloom and Southern Skyway on notice that Seneca would claim they were being defended under a reservation of rights and because Plaintiffs have been severely prejudiced by relying to their detriment upon the defense provided by Seneca.

67. As part of the declaration requested by Plaintiffs in this action, Plaintiffs also request further necessary or proper relief based upon that declaration pursuant to 28 U.S.C. § 2202. Specifically, Plaintiffs request that this Court compel Seneca to resume the defense of Goldbloom and Southern Skyway in the Vice City Marina Case.

68. There is a present and ascertainable state of facts of a present case or controversy between the parties within the jurisdiction of this Court that justifies the further relief based on the declaratory judgment sought by Plaintiffs.

69. There is a bona fide, actual, present, and practical need for this further relief.

70. Seneca has an actual, present, adverse and antagonistic interest in the subject matter of the further relief based on the declaratory judgment sought by Plaintiffs, and all antagonistic and adverse interests are before this Court by proper process.

71. Neither the declaratory judgment sought, nor the further relief requested based upon that judgment, is merely the giving of legal advice to answer questions propounded from curiosity.

72. Should they prevail on their declaratory judgment claim, Plaintiffs will be entitled to an award of prevailing party attorneys' fees to be paid by Seneca pursuant to Section 627.428, Florida Statutes.

**WHEREFORE**, Plaintiffs Gary Goldbloom and Southern Skyway Property, Inc. respectfully request that this Court grant further relief based on the declaratory judgment sought in this action pursuant to 28 U.S.C. § 2202 and Rule 57, Fed.R.Civ.P., against Defendant Seneca Insurance Company by compelling Seneca to resume its defense of Goldbloom and Southern Skyway in the Vice City Marina Case, and further request costs, attorneys' fees pursuant to Section 627.428, Florida Statutes, and such further relief deemed just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 29, 2020

Respectfully submitted,

/s/ A. Sheila Oretsky
A. Sheila Oretsky
Florida Bar No. 31365
**BUCHANAN INGERSOLL & ROONEY, PC**
One Biscayne Tower
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Telephone: (305) 347-5911
Facsimile: (305) 347-4089
Email: sheila.oretsky@bipc.com

S. Carey Villeneuve, Esq.
Florida Bar No. 60621
**BUCHANAN INGERSOLL & ROONEY, PC**
401 East Las Olas Blvd., Suite 2250
Ft. Lauderdale, FL 33301
Telephone: (954) 703-3901
Facsimile: (954) 527-9915
Email: carey.villeneuve@bipc.com
*Attorneys for Plaintiffs Gary Goldbloom and Southern Skyway Property, Inc.*